UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID TERRENCE STEPHENS,

    Plaintiff,

-vs-                                                      Case No.  8:11-cv-1251-T-30EAJ

ORELESTER DICKENS, et al.,

    Defendants.
_____/

**ORDER**

On June 6, 2010, Plaintiff filed a civil rights complaint, a memorandum in support of the complaint, and a supplement to the complaint (Dkts. 1-3). Plaintiff has not filed a motion to proceed *in forma pauperis*, and has not paid the filing fee.

Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action *in forma pauperis* under certain circumstances:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Moreover, "§ 1915(g)'s language makes it clear that the three strikes rule applies to claims dismissed prior to [its April 26, 1996] effective date." *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

The Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 6:01-cv-1512-Orl-31KRS; (2) 6:04-cv-695-Orl-18KRS; (3) 6:04-cv-811-Orl-22DAB; (4) 8:06-cv-319-T-27MAP; (5) 6:07-cv-536-Orl-22JGG; and (6) 8:09-cv-194-T-27TGW. Based upon these prior dismissals and Plaintiff's failure to allege that he is under imminent danger of serious physical injury, he is not permitted to proceed *in forma pauperis*, and this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form together with the full filing fee.

Accordingly, the Court **ORDERS** that:

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 13, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro Se* Plaintiff

2